JUSTICE TRIEWEILER
dissenting.
¶16 I dissent from the majority’s conclusion that the District Court did not abuse its discretion when it modified the parties’ decree of dissolution to provide for child support in the amount of $915 per month.
¶17 Section 40-4-204(3)(a), MCA, provides for a variance from the guidelines in effect at the time of the court’s decision where clear and convincing evidence establishes that application of the guidelines is unjust to either of the parties. In this case, I conclude that based on the only evidence, application of the guidelines in effect at the time of the District Court’s decision was unjust to the Appellant, Michael Albinger.
¶18 In 1998, while Cathy Albinger’s motion for modification of child support was pending, Michael purchased a $48,000 home for her and their daughter. At the time, Rule 46.30.1543(1)(i), ARM, authorized variances from child support guidelines where the custodial parent and a child occupy a home free of costs or at substantially reduced costs. Michael had a right to rely on the fact that purchase of the home for his former wife and his daughter would be a factor in determination of his child support obligation. Certainly purchase of the home was in his child’s best interest.
¶19 Furthermore, the only testimony in this case regarding the *443 appropriate amount of child support was offered by Nicholas Bourdeau, who was called as a witness by Michael. He testified that while child support guidelines, based on the couple’s respective incomes, provide for child support in the amount of $915 per month, those guidelines take into consideration the cost of the custodial parent’s housing. Since, in this case, housing had been provided by the non-custodial parent, he testified that the necessary adjustment to arrive at a proper child support amount would be 35% of what would otherwise be required. No contrary evidence was offered. Bourdeau’s opinion and testimony were undisputed.
¶20 The District Court held that although Michael purchased the home for Cathy, she still had to pay taxes, insurance, utilities, maintenance costs and lot rental to maintain the home and, on that basis, justified denying a variance based on Michael’s provision of housing. However, those expenses had already been deducted from Cathy’s income in Bourdeau’s calculation of child support. Therefore, by taking them into consideration a second time when determining whether a variance should be allowed for the fact that Michael had provided housing, Cathy was given double credit for those expenses.
¶21 Cathy contends, and the District Court agreed, that failure to provide an adjustment to the child support award based on Michael’s purchase of housing for Cathy and their daughter is justified by the fact that the Court denied Cathy retroactive child support from the date of her motion, which would have been in the amount of approximately $44,000. However, $44,000 does not begin to approximate the amount spent on Cathy and Michael’s daughter during the period in question. In Finding No. 8, the District Court found as follows:
In May of1998, Michael Albinger bought a mobile home for Cathy Albinger and Katie Albinger. The mobile home plus the first year’s property taxes was approximately $48,000. Michael Albinger also bought gifts for Cathy Albinger and Katie Albinger such as furniture, bedding, clothes, a deck, a computer and other various items totaling approximately $36,000. Michael Albinger gratuitously created a college savings account for Katie Albinger worth approximately $13,000.
¶22 The District Court was justified in denying a retroactive increase in child support simply based on the amount of expenditures made by Michael on behalf of Cathy and Katie over and above the amount he paid to provide them with housing. Therefore, I would conclude that denial of retroactive child support is no justification for ignoring the *444 undisputed evidence regarding the impact of housing on the child support obligation.
¶23 The majority is incorrect when it concludes that there was no legal basis for deviating from the guidelines in effect at the time the District Court’s order was issued. The legal basis is found in § 40-4-204(3)(a), MCA. That statute required variance from the guidelines where their application is unjust based on clear and convincing evidence. In this case, application of the guidelines was unjust based on the only evidence.
¶24 Furthermore, the guidelines which were in effect at the time of the District Court’s order modifying Michael’s child support obligation required that child support ultimately be determined based on the child’s best interest. It is hard to argue that it is not in children’s best interest to have secure permanent housing. However, if housing is going to be taken into consideration as a necessary expense in arriving at a child support obligation and yet no variance allowed when that housing has already been provided by the non-custodial parent, there is no incentive for the non-custodial parent to provide housing. He or she is only being punished for his or her responsibility by being required to pay twice.
¶25 For these reasons, I dissent from the majority opinion. I would conclude that the District Court abused Its discretion by disallowing a variance from the child support guidelines based on Michael’s purchase of housing for Cathy and his daughter in 1998.
JUSTICE RICE joins in the foregoing dissent.